UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ESLER WALL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NSB EAST BONANZA LLC *d/b/a* TACO BELL 31880,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-00391-RFB-DJA<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court is Defendant's Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment. ECF No. 19. For the reasons stated below, the motion is GRANTED.

### II.   PROCEDURAL HISTORY

Plaintiff filed the instant suit in state court on November 14, 2019. ECF No. 2, Ex. A. On February 25, 2020, Defendant removed the case to this Court. ECF No. 1.

On January 5, 2021, Magistrate Judge Albregts ordered that a Discovery Plan/Scheduling Order would be due by April 17, 2021. ECF No. 13. On January 25, 2021, Judge Albregts extended the deadline for the Discovery Plan/Scheduling Order, in light of representations made by the parties that pro se Plaintiff could not meet the deadline for personal reasons. ECF No. 15.

On July 19, 2021, Defendant filed the instant Motion for Judgment on the Pleadings. ECF No. 19. To date, Plaintiff has not filed a Response to the motion.

On August 25 and 26, 2021, Defendant filed a Motion for Hearing before Judge Albregts regarding the discovery schedule. ECF Nos. 22, 24. On August 30, 2021, Plaintiff sought another extension of the discovery schedule. ECF No. 25. A hearing was set on the parties' motions for October 8, 2021. ECF No. 29.

On October 12, 2021, Judge Albregts entered an Order to Show Cause. ECF No. 31. The Order indicated that Judge Albregts permitted Plaintiff to appear for the October 8 hearing telephonically, in light of Plaintiff's personal challenges, but Plaintiff failed to call in and failed to notify the Court that she would not be able to attend. Id. The Order instructed Plaintiff to notify the Court within one week as to why she failed to comply with the Court's order. Id.

On October 15, 2021, Plaintiff filed a notice with the Court indicating that she did not receive notice of the October 8 hearing. ECF No. 32. Plaintiff also requested an indefinite stay of the case, in light of various personal difficulties. ECF No. 33. On October 28, 2021, Judge Albregts scheduled another hearing on Defendant's request for a pretrial scheduling conference and on Plaintiff's motions for postponements. ECF No. 35. The Order again provided instructions to Plaintiff for telephonic appearance. Id. Plaintiff again failed to appear. ECF No. 36.

On November 17, 2021, Judge Albregts entered an Order staying discovery until February 21, 2022 and setting a final hearing for February 21, 2022. ECF No. 37. The Order indicated that failure to appear at the hearing may result in "a recommendation to the district judge that this case be dismissed." ECF No. 37. The hearing was later reset to February 25, 2022. ECF No. 42.

On February 3, 2022, this Court set a hearing on Defendant's Motion for Judgment on the Pleadings, for February 11, 2022. ECF No. 43. Plaintiff represented to the Court that she could not attend the hearings for personal reasons, but did not indicate a later date by which she could appear for a hearing. The Court subsequently vacated the hearing.

This order follows.

### III. ALLEGED FACTS

The following allegations are derived from Plaintiff's Complaint, ECF No. 2, Ex. A.

Plaintiff was a Taco Bell employee from 2005 to 2018. During her tenure with Taco Bell, Plaintiff was an exemplary employee. Over the years, she received written and oral commendations, as well as gifts from her manager for her work performance.

Plaintiff noticed that as she got older, her work duties were slowly taken away from her by managerial staff at the franchise location at which she worked. Plaintiff was no longer permitted to work the drive-through or to prepare food. She was only permitted to work as a front cashier. She also had her work hours restricted to the weekends and was no longer permitted to work eight hours per day, five days a week.

Plaintiff also began to experience verbal abuse and harassment at work. In December 2017, the assistant manager at the restaurant told her to "bring a doctor's note to prove you are not crazy." A general manager also took one of Plaintiff's working days away from her, causing Plaintiff to suffer from a panic attack/hyperventilation at work. The general manager then accused Plaintiff of "pretending," and cursed at her in front of customers. During one verbal dispute with Plaintiff, the assistant manager threatened Plaintiff that he would "pull up the tape to prove what you said two weeks ago is not what you are saying now," ostensibly referring to the restaurant's video surveillance. Plaintiff felt that this was a threatened violation of her privacy.

Plaintiff was terminated from her job on January 14, 2018.

Plaintiff has experienced post-traumatic stress disorder as a result of her negative treatment and termination. Due to her termination and inability to secure new work, Plaintiff could not afford to care for her pets, who passed away as a result.

Plaintiff lodged a complaint with the Equal Employment Opportunity Commission and received a right to sue letter on August 14, 2019. ECF No. 2, Ex. A.

### IV. LEGAL STANDARD

A party may move for judgment on the pleadings "after the pleadings are closed—but early

3

enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation and internal quotation marks omitted).

In ruling on a 12(c) motion, "all well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). The complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Summary judgment is appropriate "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

V.   PARTIES' ARGUMENTS

Defendant argues that dismissal of this matter is proper because (1) Plaintiff has not stated a cognizable claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; (2) Plaintiff has not stated a cognizable Title VII claim for race discrimination, 42 U.S.C. § 2000e-2; and (3) Plaintiff has not stated a cognizable claim under the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2510, et seq.

4

With respect to any claim for age discrimination, Defendant argues that Plaintiff has not alleged any facts from which this Court could conclude she was fired due to her age. Defendant argues that Plaintiff does not state her age in the complaint, Plaintiff does not allege any discrimination by Taco Bell via age restrictions or comments from supervisors that she was too old for the job, and Plaintiff does not allege facts that could give rise to an inference of age discrimination, such as that she was replaced by a younger employee. Defendant contends that Plaintiff's sole allegation regarding age discrimination is the following sentence in the Complaint: "I am asking this Court to allow me relief to pursue legally . . . EEOC Charges for Discriminations under Race, Age Retaliation."

Defendant further argues that Plaintiff has not stated a cognizable Title VII race discrimination claim, because she does not allege any facts from which the Court could conclude she was fired due to her race. Defendant notes that Plaintiff does not indicate her own race and does not allege she received differential treatment as compared to similarly situated employees of a different race. Defendant again notes that Plaintiff's sole allegation regarding race discrimination is the following sentence from the Complaint: "I am asking this Court to allow me relief to pursue legally . . . EEOC Charges for Discriminations under Race, Age Retaliation."

Finally, Defendant argues that Plaintiff has not alleged a cognizable claim under the ECPA. Defendant contends that Plaintiff's complaint does not allege facts from which it can be inferred that she had a reasonable expectation of privacy in the oral communications that Taco Bell allegedly recorded. Defendant notes that Plaintiff does not allege any facts which show (1) the substance of any recorded communications, (2) to whom any allegedly recorded communications were made, (3) when any communications were made, or (4) Plaintiff's location when she made any alleged communications. Nor does Plaintiff allege that any recording was made without her knowledge. Defendant argues that an ECPA claim is thus facially deficient.

In the alternative, Defendant moves for summary judgment on the ADEA, Title VII, and ECPA claims. Defendant argues there is no evidence to support a prima facie case of age discrimination because Plaintiff cannot establish that she was performing her job satisfactorily or

that she was discharged under circumstances giving rise to an inference of age discrimination. Defendant argues that the unrebutted evidence in the record shows that Plaintiff was performing her job duties poorly at the time of her termination, and that she was terminated for poor work performance, for making physical threats to her co-workers, and for engaging in insubordination.

Defendant argues that summary judgment is also warranted on Plaintiff's Title VII claim because the undisputed evidence shows that Plaintiff performed her job duties unsatisfactorily, and she was terminated as a result. Defendant further argues there is no evidence that Taco Bell treated Plaintiff differently from similarly situated employees of different races.

Finally, Defendant argues there is no evidence that Taco Bell ever intercepted or recorded a communication made by Plaintiff under circumstances where Plaintiff had a subjective or objective expectation of privacy. Because Plaintiff cannot provide any admissible evidence which shows that Taco Bell secretly recorded her in violation of the ECPA, Defendant argues that summary judgment is warranted on Plaintiff's ECPA claim.

**VI.     DISCUSSION**

For the reasons stated below, the Court accepts Defendant's arguments and dismisses Plaintiff's Complaint in its entirety.

    a.   <u>Age Discrimination Claim</u>

The Court first addresses Plaintiff's age discrimination claim. Under the ADEA, to allege a prima facie case of age discrimination, a party must state that she "was (1) at least forty years old, (2) performing [her] job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." <u>Diaz v. Eagle Produce, Ltd.</u>, 521 F.3d 1201, 1207 (9th Cir. 2008).

First, while Plaintiff's EEOC filings indicate that she was seventy-two years old at the time of her termination, she has not actually stated her age in the Complaint. Further, the Court finds that Plaintiff has not sufficiently alleged any facts that would give rise to an inference of age

discrimination. Plaintiff alleges that as she got older, she was no longer allowed to work five days a week or to take on certain work duties at Taco Bell; however, there is no indication that these changes to Plaintiff's working conditions were spurred by her age. Plaintiff does not allege that employees or managers ever remarked on her age, that the workplace implemented any age-related policies (whether in general or specifically targeted towards her), that she was replaced by younger employees, or that younger employees were treated better than her. Plaintiff's sole allegation regarding age discrimination is that she had her roles reduced as she got older. That allegation, standing alone, is insufficient to meet the pleading standard required to survive a motion for judgment on the pleadings. See Moss, 572 F.3d at 969 (stating that a plaintiff must allege non-conclusory facts).

    b. Race Discrimination and Retaliation

Plaintiff also alleges a federal race discrimination claim. A plaintiff establishes a prima facie case of Title VII race discrimination by offering proof: (1) that the plaintiff belongs to a class of protected persons; (2) that the plaintiff was qualified for his or her position and performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently from a similarly situated employee who does not belong to the same protected class as the plaintiff. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006).

Here, Plaintiff has failed to allege that she belongs to a protected class. While her EEOC filings suggest that she is white, the Complaint does not indicate what her race is. Further, while Plaintiff alleges that she performed her job duties satisfactorily at the time of her termination, she does not allege that Taco Bell treated her differently than a similarly situated employee or employees of a different race. Plaintiff has not alleged that she was subjected to racially derogatory comments of any kind, nor that she was the victim of racially discriminatory workplace policies. Given that Plaintiff's complaint is wholly devoid of any factual allegations of race discrimination, Plaintiff's Title VII claim is dismissed.

Plaintiff also appears to allege a claim for retaliation. The Complaint does not contain a

single factual allegation regarding retaliation. As such, any retaliation claim is dismissed.

### c. ECPA and NRS 200.650

Finally, Plaintiff appears to allege that her privacy rights were violated. While it is not clear whether Plaintiff alleges the violation of a right conferred by state or federal law, Plaintiff does cite NRS § 200.650.

NRS § 200.650 provides that "a person shall not intrude upon the privacy of other persons by surreptitiously listening to, monitoring or recording . . . by mechanical, electronic or other listening device, any private conversation engaged in by the other persons . . . . unless authorized to do so by one of the persons engaging in the conversation." NRS § 200.650 is a criminal statute and Plaintiff does not establish that any recording was made without the consent of the other person in the conversation. The Court finds Plaintiff has not established a claim pursuant to this statute even if one could based upon it—which is unclear.

It is also not clear from the Complaint that Plaintiff is alleging a federal ECPA claim. The ECPA protects communications "uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." 18 U.S.C. § 2510(2). To the extent that Plaintiff alleges a claim under the ECPA, she has failed to state sufficient facts that would entitle her to relief. In order for the interception of an oral communication to be actionable under the ECPA, a plaintiff must establish three elements: "(1) a willful interception of an oral communication by a device; (2) the communication must have been uttered by a person who exhibited an expectation that it would not be intercepted; and (3) the communication must have been uttered under circumstances that justified the expectation." Kemp v. Block, 607 F. Supp. 1262, 1264 (D. Nev. 1985) (citing United States v. Carroll, 337 F. Supp. 1260, 1262 (D. D.C. 1971)); see also United States v. Hall, 488 F.2d 193, 196 (1973).

Plaintiff's complaint does not allege facts from which it can be inferred that she had a reasonable expectation of privacy in the oral communications that Taco Bell allegedly recorded. Plaintiff appears to generally allege that her privacy was violated when her manager at Taco Bell

threatened to confront her with video surveillance from the store. This allegation, standing alone, does not establish that Plaintiff made any communications "under the expectation that it would not be intercepted" or under "circumstances that justified [that] expectation." Plaintiff does not even allege that any recording was made without her knowledge. As such, any ECPA claim – to the extent it is pled – must be dismissed as facially deficient.

### VII.     CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is to close the case and enter judgment accordingly.

**DATED: February 22, 2022**

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE